IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| JOHN SMITH, JR., <br><br> Plaintiff, <br><br> vs. <br><br> MIKE FERRITER, Director, Department of Corrections; STEVE RAY, Warden, D.C.C.F.; LORI LOVATO, R.N., D.C.C.F.; DR. HEIDT, <br><br> Defendants. | Cause No. CV 10-109-BLG-RFC-CSO <br><br><br> ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On September 7, 2010, Plaintiff John Smith filed this civil rights action pursuant to 42 U.S.C. § 1983.  He is a state prisoner proceeding pro se.  Jurisdiction lies under 28 U.S.C. § 1331.  The Complaint is subject to screening and dismissal prior to the Defendants' appearance.  28 U.S.C. §§ 1915(c)(2), 1915A(a), (b); 42 U.S.C. § 1997e(c), (g).

### I. Motion to Proceed In Forma Pauperis

Smith's motion and supporting account statement show that he cannot pay the filing fee in a lump sum.  E.g., Account Statement (doc. 1-1)

at 1-4.  His motion to proceed in forma pauperis will be granted.

## II. Smith's Allegations

Smith alleges that he had a prescription for Wellbutrin for many years prior to his arrival at the Dawson County Correctional Facility ("D.C.C.F.").  The medication relieved Smith's post-traumatic stress disorder, mood swings, depression, and sleep problems.  In November 2009, his medication was changed to Effexor.  A couple of weeks later, he suffered "an allergic reaction" that caused boils to appear all over his body.  The condition worsened over the next week, then resolved when his medication was changed again, this time to Celexa.  He asked to see a psychiatrist or psychologist, but his request was refused.  In April 2010, Smith's medication was changed to Zoloft.  Compl. (doc. 2) at 5; Compl. Ex. A (doc. 2-1) at 1, 3, 6.

Smith complains that D.C.C.F. has no on-site physician, psychologist, or psychiatrist.  Compl. at 6.  He states that he has repeatedly been told he "will be scheduled," but "[s]ix months later there ha[s] been no action taken."  Id.  He says he was "seen by a lady supposedly of mental health professionals," but he "was not asked about what problems" he was

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 2

experiencing and has "never received periodic evaluations or exams to see if I am able to function." Compl. at 7. He also alleges that the change in his medication caused him to become dangerous to himself and others and caused him to lose his clear-conduct record. Id. at 6; see also id. at 8.

Smith alleges the Defendants have been deliberately indifferent to his serious medical needs, that his access to qualified health care staff has been delayed and denied, that no one has inquired into the facts necessary to make professional medical judgments, and that there is not an adequate number of qualified mental health professionals on staff. Compl. at 5-8. He relies on the United States Constitution and Articles 5 and 25 of the United Nations' Universal Declaration of Human Rights. Id. at 5-6.

Smith attached to his Complaint the grievances and appeals he filed and responses he received. Compl. Ex A (doc. 2-1) at 1-12; Fed. R. Civ. P. 10(c).

### III. Analysis

#### A. 42 U.S.C. § 1983

Smith does not cite 42 U.S.C. § 1983, but he alleges "deliberate indifference to my serious mental health needs." Compl. at 5. The phrase

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 3

is a term of art in § 1983 litigation. It refers to the State's constitutional obligation to provide adequate medical care to prisoners. Estelle v. Gamble, 429 U.S. 97, 104 (1976); see also McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). Section 1983 also provides the only vehicle through which Smith could state a claim under federal law. Because he is a pro se litigant and his claims must be generously construed, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), the Court will assume he intended to rely on § 1983.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment," Gamble, 429 U.S. at 104, and "states a cause of action under § 1983," id. at 105. To state a claim, a prisoner must allege a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." Gamble, 429 U.S. at 106; Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Deliberate indifference under the Eighth Amendment involves the consideration of two elements, "the seriousness of the prisoner's medical need" and "the

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 4


nature of the defendant's response to that need." McGuckin, 974 F.2d at 1059; see also Lolli v. County of Orange, 351 F.3d 410, 419 (9th Cir. 2003). A plaintiff must demonstrate both "objectively, sufficiently serious harm and that the officials had a sufficiently culpable state of mind in denying the proper medical care. Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation." Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (citing Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995)). Dissatisfaction or disagreement with prison infirmary's course of medical treatment does not state a claim under the Eighth Amendment. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) (citing Gamble, 429 U.S. at 107).

Mental health care may indeed constitute a serious medical need, but Smith's exhibits show that no one has been deliberately indifferent to his mental health needs. He was taken off Wellbutrin because it is not allowed at the facility.[1] He was not deprived of medication but merely

---

[1] Smith states that he has never abused Wellbutrin, Compl. Ex. A at 4, but he is not responsible for bringing the drug into the facility, storing it, distributing it, and reordering it. In a prison, the availability of a drug-of-abuse has implications beyond the person for whom it is

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 5

given a different medicine. When he complained about it and asserted it was causing an allergic reaction, it was changed to Celexa. When he complained about it, it was changed to Zoloft. This is not deliberate indifference but responsiveness to the needs of a prisoner-patient within the bounds of both the Constitution and the practical problems of day-to-day prison administration. Smith may desire something more, but the Constitution does not require an on-site physician, psychologist, or psychiatrist, periodic mental health evaluations, or prescription of the optimal medicine for a prisoner-patient's condition. Taking all of the allegations in his Complaint as true, Smith has received adequate mental health care. He fails to state a claim under 42 U.S.C. § 1983.

    Smith would be given an opportunity to amend his Complaint if its deficiencies could be cured by the allegation of additional facts. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). This is not a case, however, where Smith has neglected to address a pleading requirement or failed to provide sufficient facts. The facts he alleges simply do not add up to a violation of the Constitution. Amendment would be futile. Noll v.

---

prescribed.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 6

Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)). The § 1983 claim should be dismissed for failure to state a claim on which relief may be granted.

### B. Universal Declaration of Human Rights

Federal courts do not recognize a cause of action for state prisoners based on the United Nations' Universal Declaration of Human Rights. Sosa v. Alvarez-Machain, 542 U.S. 692, 734-35 (2004); Serra v. Lappin, 600 F.3d 1191, 1196-97 & n.5 (9th Cir. 2010).

### C. State Law

While Smith characterizes his action as a "personal injury/tort" claim, Compl. at 1, he does not allege negligence or any other legally cognizable cause of action under state law. There is no need to give him an opportunity to do so. Because it is clear that he cannot state a claim under federal law, it would be inappropriate to permit the action to proceed in federal court based solely on supplemental jurisdiction. 28 U.S.C. § 1367(c)(2).

Based upon the foregoing, the Court issues the following:

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 7

## ORDER

Smith's motion to proceed in forma pauperis (doc. 1) is GRANTED. The Clerk of Court shall waive prepayment of the filing fee.  A collection order is issued separately.

The Court also enters the following:

## RECOMMENDATION

1.  Plaintiff's Complaint should be DISMISSED for failure to state a claim on which relief may be granted.

2.   The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3.  The docket should reflect that Smith's filing of this action counts as one strike, pursuant to 28 U.S.C. § 1915(g), for failure to state a claim.

4.  The District Court should CERTIFY, pursuant to Fed. R. App. P. 24(a)(3)(A), that any appeal of its disposition would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 8

Pursuant to 28 U.S.C. § 636(b)(1), Smith may serve and file written objections to this Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

If Smith intends to appeal the District Court's disposition, he must file a Notice of Appeal *after* the Clerk of Court enters judgment.

DATED this 29th day of September, 2010.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge